# United States District Court
# District of Massachusetts

| | |
|---|---|
| **CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO,** | |
| PLAINTIFFS | |
| **v.** | |
| **CITY OF SPRINGFIELD, WILLIAM FITCHET, and JOHN DOES I, II, III and IV** | **CIVIL ACTION NO.: 3:13-CV-30149** |
| DEFENDANTS | |

## ANSWER OF THE CITY OF SPRINGFIELD AND WILILAM FITCHET

Now come the Defendants, City of Springfield and William Fitchet and hereby answer the Plaintiff's Complaint as follows:

## INTRODUCTION

1. This is an introductory paragraph and therefore it does not need to be admitted nor denied.

2. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 2 of the Plaintiffs' Complaint and therefore leaves the Plaintiff to prove same.

3.   The Defendants, City of Springfield and William Fitchet, deny the allegations

contained in paragraph 3 of Plaintiffs' Compliant.

## PARTIES

4.   The Defendants, City of Springfield and William Fitchet, have insufficient

information to either admit or deny the allegations contained in paragraph 4 of the

Plaintiffs' Complaint.

5.   The Defendants, City of Springfield and William Fitchet, have insufficient

information to either admit or deny the allegations contained in paragraph 5 of the

Plaintiffs' Complaint.

6.   The Defendants, City of Springfield and William Fitchet, have insufficient

information to either admit or deny the allegations contained in paragraph 6 of the

Plaintiffs' Complaint.

7.   The Defendants, City of Springfield and William Fitchet, admit that the City of

Springfield is a municipal corporation of the Commonwealth of Massachusetts

and the employer of William Fitchet.  The Defendants have insufficient

information to either admit or deny that the City of Springfield employs the

unknown police officers. The Defendants admit that William Fitchet is

responsible for establishing and implementing polices, practices, procedures and customs used by law enforcement officers employed by the City of Springfield regarding the search and seizure of residences and their occupants within the City of Springfield.

8. The Defendants, City of Springfield and William Fitchet, admit that William Fitchet is presently the Commissioner in charge of the Springfield Police Department and he is responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Springfield regarding the search and seizure of residences and their occupants within its jurisdiction. The Defendants have insufficient information to either admit or deny that William Fitchet is responsible for the supervision and training of the John Doe officers.

9. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 9 of Plaintiffs' Compliant and therefore deny same.

10. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 10 of Plaintiffs' Compliant and therefore deny same.

11. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph11 of Plaintiffs' Compliant.

12. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 12 of Plaintiffs' Compliant.

13. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 13 of Plaintiffs' Compliant.

14. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 14 of Plaintiffs' Compliant.

## **FACTS**

15. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 15 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

16. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 16 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

17. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 17 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

18. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 18 of Plaintiffs' Compliant and therefore deny same.

19. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 19 of Plaintiffs' Compliant and therefore deny same.

20. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 20 of Plaintiffs' Compliant and therefore deny same.

21. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 21 of Plaintiffs' Compliant and therefore deny same.

22. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 22 of Plaintiffs' Compliant and therefore deny same.

23. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 23 of Plaintiffs' Compliant and therefore deny same.

24. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 24 of Plaintiffs' Compliant and therefore deny same.

25. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 25 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

26. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 26 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

27. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 27 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

28. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 28 of Plaintiffs' Compliant and therefore deny same.

29. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 29 of Plaintiffs' Compliant and therefore deny same.

30. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 30 of Plaintiffs' Compliant and therefore deny same.

31. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 31 of Plaintiffs' Compliant and therefore deny same.

32. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 32 of Plaintiffs' Compliant and therefore deny same.

33. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 33 of Plaintiffs' Compliant and therefore deny same.

34. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 34 of Plaintiffs' Compliant and therefore deny same.

35. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 35 of Plaintiffs' Compliant and therefore deny same.

36. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 36 of Plaintiffs' Compliant and therefore deny same.

37. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 37 of Plaintiffs' Compliant and therefore deny same.

38. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 38 of Plaintiffs' Compliant and therefore deny same.

39. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 39 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

40. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 40 of Plaintiffs' Compliant and therefore deny same.

41. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 41 of Plaintiffs' Compliant and therefore deny same.

42. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 42 of Plaintiffs' Compliant and therefore deny same.

43. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 43 of Plaintiffs' Compliant and therefore deny same.

44. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 44 of Plaintiffs' Compliant and therefore deny same.

45. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 45 of Plaintiffs' Compliant and therefore deny same.

46. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 46 of Plaintiffs' Compliant and therefore deny same.

47. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 47 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

48. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 48 of Plaintiffs' Compliant and therefore deny same.

49. The Defendants, City of Springfield and William Fitchet, admit that on September 29, 2010, a report was authored by members of the Springfield Police Department, including Officer Gregg Bigda, and state that the document speaks for itself.

50. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 50 of Plaintiffs' Compliant and therefore deny same.

51. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 51 of Plaintiffs' Compliant and therefore deny same.

52. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 52 of Plaintiffs' Compliant and therefore deny same.

53. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 53 of Plaintiffs' Compliant and therefore deny same.

54. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 55 of Plaintiffs' Compliant and therefore leaves the Plaintiff to prove same.

56. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

**COUNT I**
**VIOLATION OF CONSTITUTIONAL RIGHTS**
**(DEFENDANTS JOHN DOES I, II, III AND IV)**

60. The Defendants, City of Springfield and William Fitchet, repeat, re-allege and incorporate by reference their answers as set forth in Paragraphs 1 through 59 above.

61. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 61 of Plaintiffs' Compliant and therefore deny same.

62. The Defendants, City of Springfield and William Fitchet deny the allegations contained in paragraph 62 of Plaintiffs' Compliant.

**COUNT II**
**VIOLATION OF MASSACHUSETTS CONSTITUTIONAL RIGHTS**
**(DEFENDANTS, JOHN DOES I, II, III AND IV)**

63. The Defendants, City of Springfield and William Fitchet, repeat, re-allege and incorporate by reference their answers as set forth in Paragraphs 1 through 62 above.

64. The Defendants, City of Springfield and William Fitchet, have insufficient information to either admit or deny the allegations contained in paragraph 64 of Plaintiffs' Compliant and therefore deny same.

65. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

## COUNT III
## VIOLATION OF CONSTITUTIONAL RIGHTS
## (DEFENDANTS, CITY OF SPRINGFIELD AND WILLIAM FITCHET)

66. The Defendants, City of Springfield and William Fitchet, repeat, re-allege and incorporate by reference their answers as set forth in Paragraphs 1 through 65 above.

67. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

**COUNT IV**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS**

77. The Defendants, City of Springfield and William Fitchet, repeat, re-allege and incorporate by reference their answers as set forth in Paragraphs 1 through 76 above.

78. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 79 of Plaintiff's Complaint.

80. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

**COUNT V**
**(VIOLATION OF STATUTORY RIGHT TO PRIVACY)**

81. The Defendants, City of Springfield and William Fitchet, repeat, re-allege and incorporate by reference their answers as set forth in Paragraphs 1 through 80 above.

82. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. The Defendants, City of Springfield and William Fitchet, deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The Plaintiffs failed to comply with statutory requirements contained in G.L. c. 258.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendants reserve the right to recover costs and attorneys' fees in the event that the above action is found frivolous or in bad faith.

### FIFTH DEFENSE

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiffs.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants as no custom or official policy of the municipality caused a violation of the Plaintiffs' civil rights.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

## EIGHTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as liability cannot be imposed on the grounds of *respondeat superior*.

## NINTH DEFENSE

The Plaintiffs cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under G.L. c. 258 § 10.

## TENTH DEFENSE

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law questions.

## ELEVENTH DEFENSE

The Plaintiffs are barred from recovery because this action has not been brought within the time specified by law.

## TWELVTH DEFENSE

Based on information and belief, the Defendants' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

## THIRTEENTH DEFENSE

The actions alleged in the Complaint, if found to be in violation of any laws, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the City of Springfield.

## FOURTEENTH DEFENSE

The Defendants acted in good faith reliance on legislative or statutory authority.

## FIFTEENTH DEFENSE

Force, if any, used by the Defendants was privileged, reasonable and necessary to effect lawful purposes.

## SIXTEENTH DEFENSE

The Defendants alleges that any injuries to the Plaintiffs mentioned in the Complaint were caused in part by the Plaintiffs' own negligence contributing thereto.

## SEVENTEENTH DEFENSE

The Defendants were justified in their conduct and acts, and therefore not liable to the Plaintiff as alleged in the complaint.

## EIGHTEENTH DEFENSE

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

## NINETEENTH DEFENSE

The Defendants' actions were based on probable cause.

## TWENTIETH DEFENSE

Any claim is based upon an act or omission for which liability does not attach under the provisions of G.L. c. 258 §§ 10 (a) through (j).

## TWENTY-FIRST DEFENSE

The Court lacks jurisdiction over the person or legal entity identified in the Complaint.

## TWENTY-SECOND DEFENSE

All conduct by the Defendants' was privileged, reasonable and necessary to effect a lawful arrest or to defend themselves.

## TWENTY-THIRD DEFENSE

All conduct by the Defendants' was privileged, reasonable and necessary to effect a lawful arrest or to defend themselves.

## TWENTY-FOURTH DEFENSE

On information and belief, the actions of the Defendant Officers were within the realm of reasonable responses to the circumstances with which they were confronted.

## TWENTY-FIFTH DEFENSE

The claims against the Defendant are barred as actions were reasonable and without malice.

## TWENTY-SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Defendants as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for the alleged violations of state law.

## OTHER AFFIRMATIVE DEFENSES

The Defendants reserve the right to assert additional affirmative defenses.

**WHEREFORE**, the Defendants, City of Springfield and William Fitchet, request this Honorable Court to enter judgment in their favor and award them costs.

**Respectfully submitted,**
**The Defendants,**
**City of Springfield and**
**William Fitchet**
**By their attorneys**


/s/  John T. Liebel

_____
John T. Liebel, Esq. BBO#299660
Chief of Litigation
City of Springfield
Law Department
36 Court Street, Room 210
Springfield, MA 01103
Phone: 413-787-6085
Fax:  413-787-6173
 jliebel@sprinfieldcityhall.com


/s/  Anthony I. Wilson

_____
Anthony I. Wilson, Esq. BBO # 682573
City of Springfield
Law Department
36 Court Street, Room 210
Springfield, MA 01103
Phone: 413-787-6085
Fax:  413-787-6173
awilson@springfieldcityhall.com

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy
of the within Defendants' Answer was this day
served upon Plaintiff via the Federal Court's ECF
Notice and delivery System to all parties.

SIGNED under the pains and penalties of perjury.


Dated: August 27, 2013

/s/   **John T. Liebel**
_____
  John T. Liebel, Esq.