# United States District Court
# District of Massachusetts

| | |
|---|---|
| CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO,<br><br>PLAINTIFFS<br><br>v.<br><br>CITY OF SPRINGFIELD, WILLIAM FITCHET, and JOHN DOES I, II, III and IV<br><br>DEFENDANTS | <br><br><br><br><br><br>CIVIL ACTION NO.: 3:13-CV-30149 |

## STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

The undersigned parties, by their counsel, hereby stipulate that the following procedures shall govern the production and use of all documents, testimony, and other information produced by any party in this litigation, or provided by any witness, in connection with the discovery and trial of this matter, to the extent the party or witness wishes to invoke the procedures set forth herein:

1. The party responding to a request for discovery or information (the "Producing Party") may designate as CONFIDENTIAL any document, deposition testimony, or other information which the Producing Party, in good faith, believes to contain or reflect confidential personnel information. Such designation shall be made at the time that the information is produced or furnished or promptly thereafter by stamping each page of all such documents or other information with the word "CONFIDENTIAL." Documents or

1

other information designated as CONFIDENTIAL in accordance with the terms of this Confidentiality Agreement are hereinafter referred to as "CONFIDENTIAL MATERIAL."

2. All CONFIDENTIAL MATERIAL which is produced in this litigation shall be used for purposes of this litigation only and for no other purpose. There shall be no limitation on the use of CONFIDENTIAL MATERIAL in connection with this litigation other than the limitations set forth herein. All CONFIDENTIAL MATERIAL which is produced in this litigation shall be retained by counsel for the undersigned parties and not disclosed to any person other than:

- (a) associates, employees and individuals or entities who usually provide clerical and office support to such counsel;

- (b) the parties, and those present and former employees of the parties, whose participation is reasonably required for the prosecution or defense of the Action, provided that each such person first reads this stipulated protective order and agrees to be bound by it, by executing a copy of said order;

- (c) the Court and court personnel, including court reporters and stenographers employed in connection with this Action;

- (d) experts or consultants, and their employees and clerical and support staff, retained or employed in good faith to assist a party in the valuation, prosecution, or defense of the Action, provided that each such expert or consultant agrees to be bound by the terms of this Stipulation; and

3. If any party wishes to disclose CONFIDENTIAL MATERIAL to any person other than those identified in Paragraph 2 above, it shall provide the Producing Party at least seven (7) days notice in writing identifying both the person to whom disclosure is proposed and the information that the Party proposes disclosing. Such disclosure shall not occur except upon the written consent of the producing person, which shall not be unreasonably withheld, or upon leave of Court.

4. If a Party intends to file or reference another Party's CONFIDENTIAL MATERIAL in a court paper, or otherwise in connection with the Action, the Party shall give reasonable advance notice to the Producing Party of its intention to do so, describing, with reasonable specificity, the documents or information to be disclosed. If the Producing Party wishes to seek a Court order requiring that the documents be sealed when filed with the Court, the Producing Party must promptly notify all other Parties of its intent to do so.

5. The restrictions set forth in this Stipulation shall not apply to any document or other information that was properly in the public domain or is acquired in good faith from a third party who had the right to disclose such information. Nothing herein shall prevent any of the parties from disclosing publicly any of their own CONFIDENTIAL MATERIAL as they deem appropriate.

6. If counsel for any party objects in good faith to the designation by the Producing Party of any document, testimony, or other information as CONFIDENTIAL, counsel for

that party shall so notify counsel for the Producing Party, which notice shall identify the document, testimony, or other information. If the parties are unable to resolve the disagreement to their mutual satisfaction, they may either individually or jointly seek relief from the Court upon at least 5 business days' notice to the other affected parties, unless good cause exists for a shorter notice period, and all parties will cooperate in obtaining a prompt hearing concerning the same. Until the Court rules on the party's application or the disagreement is otherwise resolved, the document, testimony, or other information shall continue to be treated as CONFIDENTIAL.

7. Nothing in this Stipulation shall be construed to constitute a waiver of any party's right: (a) to oppose discovery on any ground (other than that the same constitutes or contains confidential information of such party); or (b) to object on any ground to the admission of any document, testimony, or other information in evidence at the trial of this Action.

8. Nothing herein shall preclude any party from seeking an order from the Court that any portion of a deposition, hearing, or trial proceeding be closed to the public for the purpose of taking testimony with respect to information designated as CONFIDENTIAL.

9. Within 30 days after the termination of this Action, including any appeals, or at such other time as the parties agree, all parties shall return or destroy all CONFIDENTIAL MATERIAL, including but not limited to copies, summaries, and excerpts of CONFIDENTIAL MATERIAL. Notwithstanding the foregoing, counsel for

each party may retain their work product, such as pleadings, correspondence, and memoranda, which contain CONFIDENTIAL MATERIAL, provided that all such information shall remain subject to this Order and shall not be disclosed to any person except as provided by this Order.

10. This Stipulation shall not prejudice a party's right to seek to amend, modify, or change the terms of this Stipulation by written agreement between the parties (and relevant third parties, to the extent that their interests are affected), or by Order from the Court.

11. This Stipulation is effective immediately and shall survive the conclusion of the Action.

**IT IS SO STIPULATED AND AGREED.**

Dated at Springfield, Massachusetts this 8th day of November, 2013.

| THE PLAINTIFFS<br>CARLOS A. PALACIO<br>SIDNEY G. GAVIRIA ORREGO and<br>CARLOS D. PALACIO<br>By their attorney | THE DEFENDANTS<br>WILLIAM J. FITCHET and<br>CITY OF SPRINGFIELD<br>By their attorneys |
|---|---|
| | /s/ John T. Liebel |
| /s/ Thomas E. Argenio | /s/ Anthony I. Wilson |
| Thomas E. Argenio, Esq. BBO # 541796<br>Goldsmith, Katz & Argenio, PC<br>1350 Main Street, Suite 1505<br>Springfield, MA 01103<br>Phone (413) 737-5996<br>Fax (413) 781-3780<br>targenio@gkalawfirm.com | John T. Liebel, Esq. BBO # 299660<br>Anthony I. Wilson, Esq. BBO # 682573<br>City of Springfield Law Department<br>36 Court Street, Room 210<br>Springfield, MA 01103<br>Phone 413-787-6085<br>Fax 413-787-6173<br>jliebel@springfieldcityhall.com<br>awilson@springfieldcityhall.com |

## ORDER

Good cause having been shown, IT IS SO ORDERED this

_12_ Day of _November_ , 2013

/s/ _____
U.S.M.J.
KENNETH P. NEIMAN

6