UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 13-30149-MAP ) |
| CITY OF SPRINGFIELD, WILLIAM FITCHET, and JOHN DOES I, II, III and IV, | ) ) ) ) ) |
| Defendants | ) |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT (Document No. 24)
June 9, 2014

NEIMAN, U.S.M.J.

Carlos A. Palacio, Sidney G. Gaviria Orrego and Carlos D. Palacio ("Plaintiffs")

seek to amend their complaint to substitute the names of five police officers – Greg

Bigda, Clayton Roberson, Steven Kent, Sean Arpin, and Barry Delameter – for the four

"John Does" originally named as defendants with the City of Springfield and William

Fitchet, Springfield's Police Commissioner.  The City and Fitchet oppose the motion not

only as untimely but as failing the "relation-back" provision set forth in Fed. R. Civ. P.

15(c)(1)(C).  For the reasons which follow, the court will allow the motion, as Plaintiffs

seek, pursuant to another subdivision of Rule 15, namely, (c)(1)(A).

I. BACKGROUND

Plaintiffs filed their complaint in the Hampden County Superior Court on July 31,

2013, against the City, Fitchet and certain "John Does" who were employed by the City

as police officers.  Plaintiffs' complaint asserted claims against all these defendants

under 42 U.S.C. §§ 1983 and 1985, MASS. GEN. LAWS ch. 12, §§ 11H and 11I

(Massachusetts Civil Rights Act), and Chapter 214, § 1B (Massachusetts Right to

Privacy Act), arising out of what Plaintiffs claim was an unjustified, unconstitutional,

warrantless breaking and entering into and search of their home starting in the evening

of August 4 through to the early morning of August 5, 2010.  On August 14, 2013, the

City and Fitchet filed their Notice of Removal of the action to this federal forum.  The

court thereafter entered a scheduling order on November 25, 2013, establishing

February 25, 2014, as the deadline for filing motions to amend pleadings or join

additional parties.  This latter deadline was subsequently extended to April 15, 2014.

Plaintiffs filed their instant motion for leave to amend on April 14, 2014.

## II. DISCUSSION

As the parties are well aware, leave to amend a complaint under Rule 15(a) is to

be "freely given when justice so requires" absent an adequate basis to deny the

amendment, such as futility, bad faith, undue delay or dilatory motive.  *Maine State*

*Building and Const. Trades Council, AFL CIO v. U.S. Dep't of Labor*, 359 F.3d 14, 19

(1st Cir. 2004); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996).  In

this vein, as Plaintiffs assert, the addition of new defendants or the assertion of new

claims closely related to the original claims are the types of amendments that are

generally permissible under the rule.  *See Savoy v. White*, 139 F.R.D. 265, 269

(D.Mass. 1991) (granting leave to add new claims closely related to claims in original

complaint); *Mateza v. Walker*, 469 F.Supp. 1276, 1277-78 (D.Mass. 1979) (granting

leave to amend complaint "so as to add alternative theories of recovery").  Without

2

more, therefore, the substitution of the true names of the John Doe defendants in the case at bar would be relatively commonplace.  The amendment would be timely, *i.e.*, not long after suit was filed and within the deadline set by the court, and none of the recently-identified John Does would appear to suffer undue prejudice were the amendment allowed; discovery is not scheduled to close until August 25, 2014, and, apparently, no depositions have yet been taken.  *See Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) ("'Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment to a pleading.'") (quoting *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982)).  The fact that Plaintiffs wish to substitute *five* named individuals for *four* John Does is immaterial.

As Plaintiffs acknowledge, however, their motion to amend comes more than three years after the precipitating incident in August of 2010, *i.e.*, beyond the three year statute of limitations which the parties agree applies.  *See* further discussion *infra*.  That is easily remedied, Plaintiffs argue, because the proposed amendment would "relate back" to July 31, 2013, the date they filed the original complaint.  In so arguing, Plaintiffs rely on Rule 15(c), which provides two different ways in which an amended complaint can relate back to the original.  First, Rule 15(c)(1)(A) allows for relation back "when the law that provides the applicable statute of limitations," in this case, Massachusetts law, "allows relation back."  Second, Rule 15(c)(1)(C) allows for relation back when the following requirements are met: (1) the claim "arose out of the same conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading"; (2) the new party "received such notice of the action that it will not be prejudiced in

defending on the merits"; (3) the party being added received such notice within the time period of Rule 4(m), 120 days; and (4) the party being added "knew or should have known [within the Rule 4(m) time period] that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538, 547 (2010).

In response to Plaintiffs' motion, the City and Fitchet ignore Plaintiffs' argument with respect to subsection (c)(1)(A) of Rule 15 and ground their entire opposition on subsection (c)(1)(C).  Indeed, there is a fair amount of support for their argument that John Doe substitutions do not relate back to the original complaint under Rule 15(c)(1)(C) when the sought-after substitutions arise after the applicable statute of limitations has run on the underlying claim.  Although the First Circuit has not specifically addressed the issue, other circuits have concluded rather uniformly that a "plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of Rule [15(c)(1)(C)]." *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (internal quotation omitted); *see also Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999); *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998); *Cox v. Treadway*, 75 3d 230, 240 (6th Cir. 1996); *Barrow v. Whethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *amended by* 74 F.3d 1366 (2d Cir. 1996); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).  In essence, these circuit courts have determined that section (c)(1)(C) simply does not cover the John Doe situation.  In this District, Magistrate Judge David Hennessy recently came to the same conclusion, although he determined in the particular matter before him that the plaintiff's ability to amend his complaint was preserved by the

4

doctrine of equitable tolling. *Thompson v. Glodis*, 2013 WL 5524807, at *3 (D.Mass.

Oct. 2, 2013); *see also Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I.

2004) (because "the naming of 'John Doe defendants is not an error, but rather results

from a plaintiff's lack of knowledge as to the identity of the proper party at the time of

filing, amendments identifying such defendants cannot relate back under [Rule

15(c)(1)(C)]").

  This approach is not without its critics, most particularly the Third Circuit in

*Singletary v. Pennsylvania Dep't of Corrections*, 266 F.3d 186 (3d Cir. 2001).  To be

sure, the Third Circuit acknowledged that "the bulk of authority from other Courts of

Appeals takes the position that the amendment of a 'John Doe' complaint – *i.e.*, the

substituting of real names for 'John Does' or 'Unknown Persons' named in an original

complaint – does not meet the 'but for a mistake' requirement in 15(c)[(1)(C)], because

not knowing the identity of a defendant is not a mistake concerning the defendant's

identity." *Id.* at 200 (citing cases).  Nonetheless, the Third Circuit opined, this was only

a "plausible theory" subject to challenge "in terms of both epistemology and semantics."

*Id.*  Indeed, the Third Circuit continued, the approach taken by the other circuits was

"highly problematic."  *Id.* at 201 n.5.  The Third Circuit explained:

> It is certainly not uncommon for victims of civil rights violations (e.g., an
> assault by police officers or prison guards) to be unaware of the identity of
> the person or persons who violated those rights.  This information is in the
> possession of the defendants, and many plaintiffs cannot obtain this
> information until they have had a chance to undergo extensive discovery
> following institution of a civil action.  If such plaintiffs are not allowed to relate
> back their amended "John Doe" complaints, then the statute of limitations
> period for these plaintiffs is effectively substantially shorter than it is for other
> plaintiffs who know the names of their assailants; the former group of
> plaintiffs would have to bring their lawsuits well before the end of the
> limitations period, immediately begin discovery, and hope that they can

determine the assailants' names before the statute of limitations expires. There seems to be no good reason to disadvantage plaintiffs in this way simply because, for example, they were not able to see the name tag of the offending state actor.

*Id*; *see also* Carol M. Rice, *Meet John Doe: It is Time for Federal Civil Procedure to Recognize John Doe Parties*, 57 U. PITT. L. REV. 883, 887 (1996) (recommending that the Joe Doe scenario should be added to the "mistake" clause of Rule 15(c)(1)(C)).

That said, the Third Circuit appeared to be comfortably bound by its previous ruling in *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977), which held that the amendment of a "John Doe" complaint could meet all the conditions of Rule 15(c)(1)(C) relation-back, including the "but for a mistake" requirement. Nonetheless, in the case before it, the Third Circuit affirmed the lower court's denial of the plaintiff's motion to amend, since the party who was proposed as a substitute, a psychologist who worked at the corrections institution, could not fairly be said to fall within the "Unknown Corrections Officers" named in the original complaint. *Singletary*, 266 F.3d at 201 (emphasis in original).

Here, the court need not resolve the instant motion by siding with one side or the other in the circuit split as it concerns Rule 15(c)(1)(C), interesting as that issue is. Instead, the court has determined that Rule 15(c)(1)(A) provides more than sufficient grounds to relate-back Plaintiffs' amendment to the date of their original complaint. As Plaintiffs posit, Rule 15(c) was specifically amended in this regard in 1991 "to clarify that relation back may be permitted even it does not meet the standard of the federal rule if it would be permitted under the applicable limitations law." 6A Charles Alan Wright, Arthur R. Miller and Mary Kane, Federal Practice & Procedure § 1503 (1990) (2004

pocket part).  As the First Circuit explained in *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009), Rule 15(c)(1)(A) "cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not."  Accordingly, as Plaintiffs argue, the two parts of Rule 15(c)(1), subparagraphs (A) and (C), in essence enable a party to invoke the more permissive relation back rule.  *See Coons v. Industrial Knife Co., Inc.*, 620 F.3d 38, 42 (1st Cir. 2010) (citing *Morel*, 656 F.3d at 26 and James Wm. Moore et al., *Moore's Federal Practice* § 15.19[1] (3d ed. & Supp.2010) ("[I]f state law permits relation back when the federal rules would not, the more forgiving state rule controls.")).  Thus, even were a court to conclude that subparagraph (c)(1)(C) does not apply, subparagraph (c)(1)(A) does provide the relief Plaintiffs seek in amending their complaint.

One further note in this regard.  While this is not a diversity case – the more common route to applying Rule 15(c)(1)(A) – relation back is nonetheless available in the context of a section 1983 claim such as this so long as the borrowed limitation period, under state law, is subject to relation back.  *See* Fed. R. Civ. P. 15, Advisory Comm. Notes 1991 ("If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties.  *E.g., Board of Regents v. Tomanio*, 446 U.S. 478 (1980) [(section 1983 claim)]. . . .  Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").  "Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of limitations law that provides the applicable statute of limitations."  *Hogan v. Fischer*, 738 F.3d 509,

518 (2d Cir. 2013) (emphasis in original).  Since section 1983 derives its statute of
limitations from state law, "under Rule 15(c)(1)(A), [the court] must determine if . . . state
law provides a 'more forgiving principle of relations back' in the John Doe context,
compared to the federal relation back doctrine under Rule 15(c)(1)(C)."  *Id.*

Although, as noted, the City and Fitchet do not address subparagraph (c)(1)(A) at
all, they do acknowledge that a federal court which is called upon to adjudicate a
section 1983 claim ordinarily must borrow the forum state's limitation period governing
personal injury causes of action.  *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).
In this regard, the parties agree that Massachusetts prescribes a three year statute of
limitations for personal injury actions, *see* MASS. GEN. LAWS c. 260, § 2A, and that the
First Circuit has adopted this prescriptive period for section 1983 cases arising in
Massachusetts.  *See McIntosh v. Antonio*, 71 F.3d 29, 33-34 (1st Cir. 1995); *see also
Rivera-Ramos v. Roman*, 156 F.3d 276, 282 (1st Cir. 1998) ("For section 1983 actions,
federal law governs the date on which the cause of action accrues (*i.e.*, when the
statute begins to run) while the length of the period and tolling doctrine are taken from
local law." (citation omitted)).[1]

Given these agreements, the City and Fitchet must per force acknowledge that
the law of the Commonwealth further provides that "[a]ny amendment allowed pursuant
to [MASS. GEN. LAWS c. 231, § 51] or pursuant to the Massachusetts Rules of Civil

---

[1] In turn, the statute of limitations for Plaintiffs' state law claims are, respectively,
three years for the Massachusetts Civil Rights Act, *see* M.G.L. c. 260, § 5B, and three
years for a Massachusetts right to privacy claim under M.G.L. c. 214, § 1B, *see Finney
v. Madico, Inc.*, 674 N.E.2d 655, 659 (Mass.App.Ct. 1997) (applying three-year statute
of limitations provided by M.G.L. c. 260, § 2A to Massachusetts right to privacy claim).

Procedure *shall relate to the original pleading.*"  MASS. GEN. LAWS c. 231, § 51

(emphasis added).[2]  Thus, Massachusetts employs a liberal relation back rule that

permits new parties to be added to an ongoing case even after the expiration of the

limitations period.  *Bengar v. Clark Equip. Co.*, 517 N.E.2d 1286, 1287 (Mass. 1988);

*Wodsworth v. Boston Gas Co.*, 223 N.E.2d 807, 809-10 (Mass. 1967).  In short,

Massachusetts law is more liberal than federal law with respect to the relation back

principle and is, therefore, controlling.  *Conneely v. Butterworth Jetting Systems, Inc.*,

219 F.R.D. 25, 26 (D.Mass. 2003); *see also Sigros v. Walt Disney World. Co.*, 190

F.Supp.2d 165, 168 (D.Mass. 2002) (by virtue of Rule 15(c)(1)(A), relation back rule of

the state provides the statute of limitations).

That is not to say, of course, that plaintiffs can will-nilly amend their complaints to

substitute or add defendants.  As the Supreme Judicial Court explained with respect to

MASS. GEN. LAWS ch. 231, § 51, various factors inform a decision to permit an

amendment to a pleading.  "Such factors include (1) whether an honest mistake had

been made in selecting the proper party; (2) whether joinder of the real party in interest

---

[2] In its entirety, section 51, entitled "Amendments as to parties, process or pleading," provides as follows:

> In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.

MASS. GEN. LAWS c. 231, § 51.

had been requested within a reasonable time after the mistake was discovered; (3) whether joinder is necessary to avoid an injustice; and (4) whether joinder would prejudice the nonmoving party." *Berman v. Linnane*, 748 N.E.2d 466, 470 (Mass. 2001).

These factors are not unlike those applied by the courts to Fed. R. Civ. P. 15(a), namely, undue delay, bad faith, dilatory motive and undue prejudice. *Maine State Building and Const. Trades Council, AFL CIO*, 359 F.3d at 19. Indeed, in many ways, subsections (a) and (c) of Rule 15 act in tandem. Under subsection (a), the court must first determine whether an amendment to a complaint may be had before trial, whereupon the court will separately determine, if need be, whether the amendment relates back to the date of the original pleading. These two questions are generally addressed simultaneously. Still, depending on the circumstances, it would not necessarily be "procedurally fatal" for a court to first allow a complaint to be amended so as to join a defendant and, much later, ruling against the plaintiff on relation back and limitations grounds. *See Pressotti v. Eagle Mfg. Co.*, 946 F.2d 974, 976 (1st Cir. 1991). As the First Circuit explained:

> Federal Rule of Civil Procedure 15(a) sets forth the conditions under which a party may amend his complaint without mentioning whether an amendment relates back. Rule 15(c) then provides the limited conditions under which an amended complaint will relate back. (It is undisputed those conditions were met here.) Thus, unlike in Massachusetts, the mere allowance of an amendment does not resolve the relation back issue favorably to the amending party.

*Id.* at 977 n. 2.

Here, the City and Fitchet acknowledge that, at the time the complaint was filed, Plaintiffs lacked knowledge of the John Doe defendants' true names, but argue that had

10

they been more diligent in filing their suit they likely could have obtained the records identifying the police officers through discovery within the limitations period.  That may be, but it does not foreclose the relief which Plaintiffs presently seek.  Taking into account these factors, the court cannot say that there was undue delay in Plaintiffs' seeking the amendment or that there will be undue prejudice to the defendants occasioned thereby.  In sum, these particular factors do not militate against Plaintiffs' proposed amendment to their complaint.

The only factor which might call for a denial of Plaintiffs' motion is possible "futility," a factor that is inextricably intertwined with the relation-back issue.  Thus, were Rule 15(c)(1)(C) controlling, Plaintifs' proposed amendment might be deemed futile given its "but for a mistake" language.  For all the reasons explicated, however, Rule 15(c)(1)(A) applies.  Accordingly, Plaintiffs' proposed amendment to the complaint can readily be found to relate back to the original complaint, thereby avoiding the statute of limitations barrier upon which the City and Fitchet seek to interpose.

One final point: the court notes that, when filing their motion, Plaintiffs did not follow the procedures set out in Local Rule 15.1 which, in applicable part, requires that "[a] party moving to amend a pleading to add a new party shall serve . . . the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed." Perhaps Plaintiffs did not believe the now-identified John Does were "new" parties, simply identified substitutes.  The City and Fitchet, however, have not raised this procedural issue, perhaps because of their "identity of interest" with the John Doe police officers:  "Identity of interest generally means that the parties are so closely related in

11

their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197 (quoting 6A Charles A. Wright et al., Federal Practice and Procedure § 1499, at 146 (2d ed. 1990)).  Still, it is clear from the filings in this matter that the City and Fitchet's attorneys have never appeared for the John Does themselves, even though their opposition to Plaintiffs' motion to amend likely sets forth all the reasons why the court could deny the motion.  Accordingly, once the newly named individual defendants appear, they may if they wish seek to have the court reconsider its allowance of Plaintiffs' motion in light of yet other arguments they may wish to pursue.

III. Conclusion

For the reasons stated, Plaintiffs' motion to amend the complaint is ALLOWED. IT IS SO ORDERED.

DATED: June 9, 2014

/s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge