# United States District Court
# District of Massachusetts

| | |
|---|---|
| CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO,<br><br>           PLAINTIFFS<br><br>      v.<br><br>CITY OF SPRINGFIELD,<br>WILLIAM FITCHET,<br>GREGG BIGDA, CLAYTON ROBERSON,<br>STEVEN KENT, SEAN ARPIN, AND<br>BARRY DELAMETER,<br><br>          DEFENDANTS | CIVIL ACTION NO.: 13-30149-MAP |

## PLAINTIFFS FIRST AMENDED COMPLAINT

### INTRODUCTION

1.      This is an action at law for compensatory and punitive damages under 42 U.S.C. §§ 1983 and 1985 and Massachusetts General Laws Chapter 12, §§ 11H and 11I (Massachusetts Civil Rights Act) and Chapter 214, §1B (Massachusetts Right to Privacy Act), against individual police officers, supervisors, and the City of Springfield arising out of an unjustified, unconstitutional, racially or ethnically based or motivated, warrantless breaking and entering into and search of the Plaintiffs' home, and the search and seizure of the Plaintiffs therein by members of the City of Springfield Police Department.

2.      The Plaintiffs seek to vindicate their right to enjoy all rights, privileges, and protections under the law without regard to their race, ethnicity, or national origin, and for judicial redress for the deprivation of their rights, privileges and immunities secured to the Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, the Massachusetts Declaration of Rights, and by Massachusetts General Laws Chapter 214, §1B, and other unconstitutional and unlawful policies and actions arising out of the illegal conduct of the Defendants.

3.      As a direct result of the policies, practices, customs and procedures of the City of Springfield, the Plaintiffs have suffered their home being unlawfully broken into and searched, and their own persons and personal belongings seized and searched, leaving them frightened, intimidated, humiliated and feeling like both criminals and victims of crimes when they have done nothing to warrant such treatment.  The Plaintiffs seek to reaffirm what everyone in the United States has a right to expect:  that minorities may sleep in their homes at night without having to suffer the indignities of the government making an unwarranted forceful entry and invasion into their homes and persons without just cause.

## PARTIES

4.      The Plaintiff, CARLOS A. PALACIO, is a natural person residing at 40 Palmyra Street, Springfield, Hampden County, Massachusetts.

5.      The Plaintiff, SIDNEY G. GAVIRIA ORREGO, is a natural person residing at 40 Palmyra Street, Springfield, Hampden County, Massachusetts.

6. The Plaintiff, CARLOS D. PALACIO, is a natural person residing at 40 Palmyra Street, Springfield, Hampden County, Massachusetts.

7. The Defendant, CITY OF SPRINGFIELD, is a municipal corporation of the Commonwealth of Massachusetts, and is the employer of the Defendants, WILLIAM FITCHET, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER. The Defendant, CITY OF SPRINGFIELD, provided each of the individual Defendants with an official badge and identification card which designated and described its bearer as Police Commissioner or police officers of the CITY OF SPRINGFIELD police department. The Defendant, CITY OF SPRINGFIELD, is the municipal corporation in whose name the individual Defendants, and each of them, performed all acts alleged herein, and is responsible for the training and supervision of the Defendants, WILLIAM FITCHET, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER. The Defendant, CITY OF SPRINGFIELD, has established or delegated to the Defendant, WILLIAM FITCHET, the responsibility for establishing and implementing policies, practices, procedures and customs used by law enforcement officers employed by Defendant, CITY OF SPRINGFIELD, regarding the search and seizure of residences and their occupants within the City of Springfield.

8. The Defendant, WILLIAM FITCHET, at all times relevant hereto, is the duly appointed and presently acting Commissioner in charge of the Police Department of the City of

Springfield, and is named as a defendant in his personal and official capacity. As the Commissioner of the Springfield Police Department, the Defendant, WILLIAM FITCHET, is responsible for the supervision and training of the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, and is further responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Springfield regarding the search and seizure of residences and their occupants within its jurisdiction.

9.      The Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, at all times relevant hereto, were employed as police officers of the City of Springfield, Commonwealth of Massachusetts, and are named as defendants in their personal and official capacity. The Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, were acting under the color of state law and in their official capacities, and at all times material hereto were acting within the course and scope of their employment with, and are servants, agents, and employees of, the Defendant, CITY OF SPRINGFIELD.

10.     At all times relevant hereto, the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, were acting pursuant to orders and directives of the Defendant, WILLIAM FITCHET.

11.     During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, acted under color and pretense of law; to wit, under color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts and the City of Springfield. Each of the individual Defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the Plaintiffs and deprived the Plaintiffs of the rights, privileges, and immunities secured to the Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983, and the constitutional, statutory and common law of the Commonwealth of Massachusetts.

12.     The City of Springfield Police Department and its individual members, who are agents and employees of the Defendant, CITY OF SPRINGFIELD, together with persons unknown to the Plaintiffs, acting under color of law, have subjected the Plaintiffs, and on information and belief to other persons residing within the City of Springfield, to a pattern of conduct consisting of acts similar to those the Plaintiffs complain of herein, such as the unwarranted forceful breaking, entry and invasion into their homes and persons without just cause, intimidation during the search and seizure of said homes and persons, which was unjustified, unconstitutional, racially or ethnically based or motivated, and all performed without due cause and in denial of rights, privileges, and immunities guaranteed to the Plaintiffs and other citizens by the Constitution of the United States and the constitutional, statutory and common law of the Commonwealth of Massachusetts.

13.   This systematic pattern of conduct consists of individual acts of violence, destruction of property, intimidation, and humiliation visited on the Plaintiffs and other citizens by members of the City of Springfield Police Department, agents and employees of the Defendants, acting under color of law.  These acts of violence, destruction of property, intimidation and humiliation, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order.

14.   Despite the fact that they knew that this pattern of conduct was being carried out by their agents and employees, the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, have taken no steps or efforts to order a halt to this course of conduct, to make redress to the Plaintiffs or other citizens injured thereby, or to take any disciplinary action or retraining upon any of their employees or agents who have perpetrated this course of conduct, and the Defendants have in fact commended their agents and employees, having the effect of encouraging their agents and employees to continue this pattern of conduct and to otherwise ratify and accept these dangerous and unconstitutional patterns, practices, customs and procedures.

## FACTS

15.   At all times material hereunder the Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, are citizens of the Republic of Colombia, are of Hispanic descent, and are legally residing within the United States of America at 40 Palmyra Street, Springfield, Hampden County, Massachusetts.

16.  The Plaintiffs, CARLOS A. PALACIO and SIDNEY G. GAVIRIA ORREGO, are

married and have two children.  The Plaintiff, CARLOS D. PALACIO, is one of the

children of the Plaintiffs, CARLOS A. PALACIO and SIDNEY G. GAVIRIA ORREGO.

As of August 4, 2010, the Plaintiff, CARLOS D. PALACIO, was a minor child, being

sixteen (16) years of age and attending high school within the City of Springfield.  The

Plaintiff, CARLOS D. PALACIO, has since reached the age of majority as of the date of

filing this Complaint.

17.  40 Palmyra Street, Springfield, is a three story house.  The Plaintiffs all resided on the

second floor of said Premises.

18.  On August 4, 2010, between the hours of 10:00 and 11:00 o'clock in the late evening, the

Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN

ARPIN and BARRY DELAMETER, perpetrated an illegal breaking and entering into the

Plaintiffs' Premises.

19.  The breaking and entering by the Defendants, GREGG BIGDA, CLAYTON

ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, occurred at

the rear door of the Plaintiffs' Premises, which was an access to and from the Plaintiffs'

kitchen.

20.   At the time of the breaking and entering by Defendants, GREGG BIGDA, CLAYTON
      ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, the rear
      door to the Premises was locked for the evening.  The Defendants, GREGG BIGDA,
      CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER,
      without prior knocking or verbal announcement, broke the door down, causing damage to
      the door frame and hinges.

21.   At the time of the breaking and entering by Defendants, GREGG BIGDA, CLAYTON
      ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, the
      Plaintiff, SIDNEY G. GAVIRIA ORREGO, was in the dining room, a room adjacent to
      the said kitchen.  At this same time, the Plaintiff, CARLOS D. PALACIO, was located in
      the living room, one room further away from the kitchen where the Defendants, GREGG
      BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY
      DELAMETER, broke into.  The Plaintiff, CARLOS A. PALACIO, who worked a
      "second shift," was not in the residence at that time, not having yet returned home from
      his place of employment.

22.   When the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT,
      SEAN ARPIN and BARRY DELAMETER, broke down the rear kitchen door to the
      Premises, it created a loud noise, which terrified and frightened the Plaintiffs, SIDNEY
      G. GAVIRIA ORREGO and CARLOS D. PALACIO, who then and there believed that
      their home was being broken into by criminals.

23.   Following the breaking down of their rear kitchen door, the Plaintiffs, SIDNEY G. GAVIRIA ORREGO and CARLOS D. PALACIO, heard a second loud bang, which sounded like a gun shot, at which time the kitchen went dark, which further terrified and frightened the Plaintiffs.

24.   Following the second loud bang, an individual, on information and belief identified herein as GREGG BIGDA, entered into the dining room, pointing a hand gun directly into the face of the Plaintiff, SIDNEY G. GAVIRIA ORREGO, holding said gun a mere two to three feet away from her face.  GREGG BIGDA was dressed in plain clothes, shorts and a shirt, and did not identify himself.

25.   The Plaintiff, SIDNEY G. GAVIRIA ORREGO, was in fear for her life that this unknown individual holding a hand gun to her face was about to murder her and her son.

26.   The Plaintiff, CARLOS D. PALACIO, standing in the next room, saw that an unknown individual break into their home, gun in hand and directly pointing said gun into the face of his mother, was in fear for his life and the life of his mother.

27.   At the time the Defendant, GREGG BIGDA, entered the dining room, the kitchen was cloaked in darkness, and the Plaintiffs could not see whether any individuals accompanied the Defendant, GREGG BIGDA.

28.     The Plaintiff, SIDNEY G. GAVIRIA ORREGO, attempted to speak to the Defendant, GREGG BIGDA, while he was pointing his hand gun into her face, at which time the Defendant, GREGG BIGDA, forcefully told the Plaintiff to "shut up, or you're going to be in trouble...".

29.     At the time of the breaking and entering by the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, the Plaintiff, SIDNEY G. GAVIRIA ORREGO, was dressed only in a thin nightgown.

30.     After telling the Plaintiff, SIDNEY G. GAVIRIA ORREGO, to "shut up, or you're going to be in trouble...", the Defendants, GREGG BIGDA and CLAYTON ROBERSON, forcefully spun the Plaintiff around, forced the Plaintiff's hands together behind her back and handcuffed them together.  The Defendants, GREGG BIGDA and CLAYTON ROBERSON, then shoved the Plaintiff, SIDNEY G. GAVIRIA ORREGO, against a dining room wall, with her back to the wall, and forcefully told her, "don't move!" upon which she was forced to stand before him exposed, embarrassed, terrified and frightened.

31.     The Plaintiff, CARLOS D. PALACIO, shocked and terrified, observed his mother being physically handled and restrained by the Defendants, GREGG BIGDA and CLAYTON ROBERSON, upon the completion of which said Defendants, both wielding handguns and pointing them directly at the Plaintiff, CARLOS D. PALACIO, then grabbed the Plaintiff, who weighed a mere 110 pounds at that time, and threw the Plaintiff face first to the floor.  The Defendants, GREGG BIGDA and CLAYTON ROBERSON, then forced

the Plaintiff, CARLOS D. PALACIO's, hands behind his back, handcuffed them together, then lifted the Plaintiff from the floor and shoved him against a wall located in the dining room, where he was forced to stand wearing only pajama pants, exposed, embarrassed, terrified and frightened.

32.    The Plaintiff, CARLOS D. PALACIO, seeing for the first time that two individuals involved in the breaking and entering into his home were wearing police uniforms, then attempted to look at the badges worn by said individuals in order to identify them and determine whether they were actually Springfield police officers.

33.    The Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, and SEAN ARPIN, seeing the Plaintiff, CARLOS D. PALACIO's, attempt to view their badges, then immediately hid their badges beneath their clothing.  As the result of their concealment of their badges, the Plaintiffs were unable to ascertain the true identify of the individuals who broke into their home that evening.  During the entire time the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, occupied the Plaintiffs' home, the Defendants failed and refused to identify themselves to the Plaintiffs.

34.    The Plaintiff, SIDNEY G. GAVIRIA ORREGO, seeing her son shocked and terrorized, attempted to speak to him in order to reassure him, upon which the Defendants, GREGG BIGDA and CLAYTON ROBERSON, immediately yelled at her to "shut up," and forcefully instructed them that they were not allowed to speak.

35. The Plaintiffs, SIDNEY G. GAVIRIA ORREGO and CARLOS D. PALACIO, were forced to remain standing, dressed only in a thin night gown and pajama pants respectively, while the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER performed an invasive search throughout the Plaintiffs' premises. Said search was performed without the consent of the Plaintiffs, and was performed coercively, each of the Defendants continuing to brandish their handguns about while conducting said search.

36. After conducting their initial search of the Plaintiffs' home, the Defendants for the first time interrogated the Plaintiffs, SIDNEY G. GAVIRIA ORREGO and CARLOS D. PALACIO. Although continuing to refuse to identify themselves, other than as police officers of the City of Springfield, the Defendants asked the Plaintiffs their names, their ages and their place of residence. The Plaintiffs responded by stating their ages, that they were a family of four, and that their passports were in the bedroom nightstand of the parents' bedroom. The Defendants retrieved the Plaintiffs' passports from said night stand and further examined and went through the Plaintiffs' personal papers.

37. Approximately ten (10) minutes thereafter, the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, allowed the Plaintiff, SIDNEY G. GAVIRIA ORREGO, to sit down onto the floor of the dining room, while they continued to conduct their search through the Plaintiffs' home. After approximately another twenty (20) minutes thereafter, the Defendants, GREGG

BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY

DELAMETER, allowed the Plaintiff, CARLOS D. PALACIO, to sit down onto the floor

of the dining room, while the Defendants continued to conduct their search through the

Plaintiffs' home.

38.     After conducting said search, the Defendants, GREGG BIGDA, CLAYTON

ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER,

conGREGGated within the kitchen of the Plaintiffs' home, spoke to each other and spoke

to other individuals on their police radios.  After approximately one (1) hour from the

time the Defendants commenced their occupation of the Plaintiffs' home, the Plaintiff,

CARLOS A. PALACIO, returned home from his place of employment.

39.     The Plaintiff, CARLOS A. PALACIO, entered his home though the back door entrance,

stepping over and around the broken door as it lay on the ground.  Upon the Plaintiff,

CARLOS A. PALACIO's, entering into his home, the Defendants immediately seized the

Plaintiff, forcefully turned his back to them, threw the Plaintiff against the kitchen wall,

forcibly brought his hands behind his back and handcuffed his hands together.  The

Defendants then took the Plaintiff, CARLOS A. PALACIO, into the dining room where

the Defendants had kept and restrained the Plaintiff's wife and child, i.e., the Plaintiffs,

SIDNEY G. GAVIRIA ORREGO and CARLOS D. PALACIO.

40.     Upon seeing her husband, the Plaintiff, SIDNEY G. GAVIRIA ORREGO, attempted to

ask her husband what was going on with this invasion into their home, upon which the

Defendants continued to forcefully and threateningly forbid the Plaintiffs from speaking to each other.

41.     After approximately one (1) more hour after the Plaintiff, CARLOS A. PALACIO, returned to his home and was seized and restrained, the Defendant, GREGG BIGDA, spoke to the then minor child, the Plaintiff, CARLOS D. PALACIO, coercively telling him: "to finish this, tell your mom to give us permission to bring in dogs...".

42.     The Plaintiff, CARLOS D. PALACIO, obeyed the Defendant, GREGG BIGDA's, order and communicated GREGG BIGDA's coercive statement to his mother, the Plaintiff, SIDNEY G. GAVIRIA ORREGO, upon which the Plaintiff, SIDNEY G. GAVIRIA ORREGO, yielded to the Defendant, GREGG BIGDA's, direction, and verbally assented to the Defendants bringing dogs into the Plaintiffs' home.

43.     The Defendants caused the Massachusetts State Police to enter into the Plaintiffs' home with dogs, upon which they conducted a search of the Plaintiffs' home with said dogs.

44.     At no time whatsoever did the Defendants find any evidence of any criminality within the Plaintiffs' home.

45.     During the time that the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, occupied the Plaintiffs' home, the Defendants applied illegal and unjustified force to restrain and deprive the

Plaintiffs of their liberty without due process of law, and such force was excessive causing the Plaintiffs to suffer severe discomfort and pain.

46. After conducting their search, the Defendants, without apology and still refusing to identify themselves by name, finally released the Plaintiffs from their handcuffs. At the direction of his mother, the Plaintiff, CARLOS D. PALACIO, asked the Defendant, GREGG BIGDA, why had they broke into their home and done all this? The Defendant, GREGG BIGDA, responded that a neighbor had called the police with a "tip" that a white package had been brought into their home, and that they were looking for that package.

47. On or about August 5, 2010, The Plaintiffs, CARLOS A. PALACIO and SIDNEY G. GAVIRIA ORREGO, contacted the Massachusetts State Police, in order to obtain a copy of the state police report filed in this case. The Plaintiffs were informed by the Massachusetts State Police that no such police report had been filed.

48. Notwithstanding that said breaking and entering into the Plaintiffs' home by four (4) or more officers of the Springfield Police Department was an event that took well in excess of two to three hours, and involved the calling in of Massachusetts State Troopers to conduct a further search of the Plaintiffs' home with trained police dogs, the Springfield Police officers that perpetrated said acts did not file a Report of the incident with the Springfield Police Department that evening, the next day, or within a reasonable time thereafter.

49.    Almost two (2) months after the incident, on September 29, 2010, an officer of the
       Springfield Police Department, at the direction of unnamed "supervisors," filed an
       Incident Report.  Said report described the incident in only the most abbreviated manner,
       failed to identify the officers involved, and stated as justification for the breaking,
       entering and search of the Plaintiffs' home that said officers were acting on information
       provided by an alleged unidentified "confidential reliable informant (CRI)." (a copy of
       said Incident Report is attached hereto as Exhibit "A").

50.    At no time did the Defendants seek or obtain a search warrant, or have in their possession
       any warrant issued by any judge, court, or magistrate, authorizing a search of the
       Plaintiffs' home, nor had any warrants in fact been issued by any judge, court, or
       magistrate for the said breaking into, entering and search of the Plaintiffs' home during
       the day or the evening.  At no time did the Defendants have probable cause or exigent
       circumstances to justify the Defendants' warrantless breaking, entering and search of the
       Plaintiffs' home nor the other acts committed by said Defendants as described herein.

51.    As a direct and proximate result of the acts of the Defendants, the Plaintiffs suffered pain
       and mental cruelty, were deprived of physical liberty, and suffered and continue to suffer
       extreme emotional distress, fear, anxiety, loss of self-esteem, humiliation and
       embarrassment.

52.     At all times pertinent to these allegations, the Plaintiffs were unarmed and did not pose a
threat of death or bodily injury to Defendants.

53.     The acts of the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN
KENT, SEAN ARPIN and BARRY DELAMETER, were committed on the instructions
of and under the authority, knowledge and/or consent of the Defendants, WILLIAM
FITCHET and the CITY OF SPRINGFIELD.

54.     The acts and conduct of the Defendants were perpetrated without lawful authority, and
were done with actual malice toward the Plaintiffs and with willful and wanton
indifference to and deliberate disregard for the statutory and constitutional rights of the
Plaintiffs.

55.     The Plaintiffs are of Hispanic descent, and are Colombian nationals lawfully residing
within the United States of America. The Plaintiffs are informed and believe, and on the
basis of such information and belief allege, that the Defendants' illegal and
unconstitutional actions were performed on the basis of Plaintiffs' race, color and
national origin.

56.     The Plaintiffs are informed and believe, and on the basis of such information and belief
allege, that the illegal and unconstitutional actions of the Defendants, GREGG BIGDA,
CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER,

were the result of racial profiling practiced by the Defendants and the Defendants, CITY OF SPRINGFIELD AND WILLIAM FITCHET.

57.   Upon information and belief, at all times pertinent hereto the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, permitted and tolerated a pattern and practice by police officers of the Defendant, CITY OF SPRINGFIELD, to conduct such warrantless breakings and enterings and searches and seizures of homes and persons residing within without probable cause nor exigent circumstances sufficient to justify such actions.

58.   Upon information and belief, the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, have maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive acts and conduct by police officers of the City of Springfield as alleged herein.

59.   The acts, omissions, systemic flaws, policies, and customs of the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, caused police officers of the City of Springfield to believe that illegal warrantless breaking and entry into homes and the unjustified search thereof, and the deprivations of liberty of the residents therein by excessive and unreasonable use of force, would not be aggressively, honestly, and properly investigated, with the foreseeable result that said officers are more likely to perpetrate such acts and conduct against the Plaintiffs and others in the future.

## COUNT I
## (VIOLATION OF CONSTITUTIONAL RIGHTS)
### (Defendants GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER)

60.    The Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and

CARLOS D. PALACIO, repeat and reallege the allegations contained in Paragraphs 1

through 59 of this Complaint, and incorporate them by reference into this Count I.


61.    The acts and conduct of the Defendants, GREGG BIGDA, CLAYTON ROBERSON,

STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, were performed willfully,

maliciously, knowingly, purposefully, and with callous and reckless indifference to and

disregard of the Plaintiffs' rights, with the intent to deprive the Plaintiffs of their rights to:

   a)    Freedom from illegal and/or unreasonable searches and seizures of their

         home, persons, papers and effects;

   b)    Freedom from deprivation of liberty and/or property without due process

         of law;

   c)    Freedom from abuse, coercion and intimidation;

   d)    Freedom of assembly and association;

   e)    Freedom from unlawful arrest and detention;

   f)    the equal protection of the laws, and freedom from discrimination based

         on race, color, national origin and descent.

All of these rights being secured to the Plaintiffs by the provisions of the Fourth, Fifth

and Fourteenth Amendments to the Constitution of the United States, and by Title 42

United States Code Section 1983.

62.     As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiffs

have suffered great pain, injury and mental anguish, fear, anxiety, loss of self-esteem,

humiliation and embarrassment, loss of capacity for the enjoyment of life and liberty,

from then until now, and they will continue to so suffer in the future; and they have lost

and will in the future lose large sums of money by reason of lost income, legal fees,

damages to their personal property and other expenses, and have been greatly humiliated

and held up to public scorn and derision as a result of the foregoing acts of the

Defendants, and were subjected to confinement and deprived of their liberty and freedom.

**WHEREFORE**, the Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and

CARLOS D. PALACIO, demand:

a)     Judgment enter against the Defendants, GREGG BIGDA, CLAYTON

ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY

DELAMETER, for compensatory and punitive damages in an amount to

be determined at trial, together with interests and costs;

b)     Judgment awarding the Plaintiffs their costs and reasonable attorney's fees

incurred in connection with the prosecution of this action; and

c)     Judgment enter for the Plaintiffs for such other and further relief as the

Court deems equitable and just.

## COUNT II
### (VIOLATION OF MASSACHUSETTS CONSTITUTIONAL RIGHTS)
### (Defendants GREGG BIGDA, CLAYTON ROBERSON,
### STEVEN KENT, SEAN ARPIN and BARRY DELAMETER)

63.   The Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and

CARLOS D. PALACIO, repeat and reallege the allegations contained in Paragraphs 1

through 62 of this Complaint, and incorporate them by reference into this Count II.

64.   The acts and conduct of the Defendants, GREGG BIGDA, CLAYTON ROBERSON,

STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, were performed willfully,

maliciously, knowingly, purposefully, and with callous and reckless indifference to and

disregard of the Plaintiffs' rights, and by means of threats, intimidation and coercion the

Defendants interfered with and deprived the Plaintiffs of their rights to:

   a)   Freedom from illegal and/or unreasonable searches and seizures of their

   home, persons, papers and effects;

   b)   Freedom from deprivation of liberty and/or property without due process

   of law;

   c)   Freedom from abuse, coercion and intimidation;

   d)   Freedom of assembly and association;

   e)   Freedom from unlawful arrest and detention;

   f)   the equal protection of the laws, and freedom from discrimination based

   on race, color, national origin and descent.

All of these rights being secured to the Plaintiffs by the provisions of the Articles I, X, XI, XII, XIV and XIX of the Massachusetts Declaration of Rights and Massachusetts General Laws Chapter 12, §§ 11H and 12I.

65.   As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiffs have suffered great pain, injury and mental anguish, fear, anxiety, loss of self-esteem, humiliation and embarrassment, loss of capacity for the enjoyment of life and liberty, from then until now, and they will continue to so suffer in the future; and they have lost and will in the future lose large sums of money by reason of lost income, legal fees, damages to their personal property and other expenses, and have been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the Defendants and were subjected to confinement and deprived of their liberty and freedom.

**WHEREFORE**, the Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, demand:

a)   Judgment enter against the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, for compensatory and punitive damages in an amount to be determined at trial, together with interests and costs;

b)   Judgment awarding the Plaintiffs their costs and reasonable attorney's fees incurred in connection with the prosecution of this action; and

c)     Judgment enter for the Plaintiffs for such other and further relief as the Court deems equitable and just.

## COUNT III
## (VIOLATION OF CONSTITUTIONAL RIGHTS)
### (Defendants CITY OF SPRINGFIELD and WILLIAM FITCHET)

66.   The Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, repeat and reallege the allegations contained in Paragraphs 1 through 65 of this Complaint, and incorporate them by reference into this Count III.

67.   It was the policy, pattern, custom and practice of the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, to employ certain police officers, including the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER.

68.   It was the policy, pattern, custom and practice of the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, to institute, authorize, ratify, permit, acquiesce or otherwise allow certain officers, including the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, to make unannounced breakings and enterings into residences, and to perform searches, seizures, detentions and arrests of persons residing therein, without first obtaining the issuance of a search warrant and without probable cause and exigent

circumstances to justify such, when such officers act upon a hunch, uncorroborated tips, and/or racial or national origin profiling or discrimination, or upon other unjustifiable and insufficient reasons.  This policy, pattern, custom and practice of the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, encouraged and caused constitutional violations being committed by police officers of the City of Springfield, including the violation of Plaintiffs' constitutional rights by the Defendants herein.

69.   The Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, acting under color of law, implicitly or explicitly adopted and implemented careless and reckless policies, customs or practices, that included, among other things, allowing police officers of the Springfield Police Department to perform unannounced breakings and enterings into residences, and to perform searches, seizures, detentions and arrests of persons residing therein, without first obtaining the issuance of a search warrant and without probable cause and exigent circumstances to justify such, when such officers act upon a hunch, uncorroborated tips, and/or racial or national origin profiling or discrimination, or upon other unjustifiable and insufficient reasons.

70.   At all pertinent times, the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, and other unknown supervisors who supervised the officers who unlawfully violated the Plaintiffs' rights as set forth herein, encouraged and tolerated the policies, patterns, customs and practices of unannounced police breakings and enterings into residences, and searches, seizures, detentions and arrests of persons residing therein without first obtaining the issuance of a search warrant and without probable cause and

exigent circumstances to justify such, when such officers acted upon hunches, uncorroborated tips, and/or racial or national origin profiling or discrimination, or upon other unjustifiable and insufficient reasons.

71.    The Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, failed and refused to adequately train, direct, supervise, or control the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, so as to prevent the violation of Plaintiffs' constitutional rights, and were grossly negligent in the hiring, training and supervising of their employees in deliberate indifference to the rights of persons with whom the Defendant police officers and the other police authorities come into contact, including the Plaintiffs.  The actions of the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, were the result of the deliberate indifference and gross negligence of the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, to properly hire, train and supervise their employees.

72.    The deficiency in hiring, training, supervising, and disciplining of such officers is *sine qua non* the deliberate indifference and/or gross negligence of the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, to the rights of citizens of the City of Springfield, including Hispanic citizens and those of Colombian national origin.

73.    The deficiency in the hiring, training, supervision, and disciplining of the Defendant, CITY OF SPRINGFIELD's, police officers, including the Defendants, GREGG BIGDA,

CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, was a direct, actual and proximate cause of the constitutional deprivations and injuries suffered by the Plaintiffs.

74.   The Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, had a general policy, pattern, custom and/or practice of overlooking, hiding and covering up officer misconduct, and of not disciplining police officers for their conduct, thereby sanctioning their police officers' actions, which amounted to a departmental policy of overlooking constitutional violations.  The Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to people's rights protected by the United States Constitution.

75.   The Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, policy, pattern, custom and/or practice of overlooking, hiding and covering up officer misconduct, and of not disciplining police officers for their wrongful and unconstitutional conduct, was an actual and direct cause of the Plaintiffs' injuries suffered herein.

76.   As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiffs have suffered great pain, injury and mental anguish, fear, anxiety, loss of self-esteem, humiliation and embarrassment, loss of capacity for the enjoyment of life and liberty, from then until now, and they will continue to so suffer in the future; and they have lost and will in the future lose large sums of money by reason of lost income, legal fees,

damages to their personal property and other expenses, and have been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the Defendants and were subjected to confinement and deprived of their liberty and freedom.

**WHEREFORE**, the Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, demand:

a)    Judgment enter against the Defendants, CITY OF SPRINGFIELD and WILLIAM FITCHET, for compensatory and punitive damages in an amount to be determined at trial, together with interests and costs;

b)    Judgment awarding the Plaintiffs their costs and reasonable attorney's fees incurred in connection with the prosecution of this action; and

c)    Judgment enter for the Plaintiffs for such other and further relief as the Court deems equitable and just.

## COUNT IV
### (CONSPIRACY TO VIOLATE CIVIL RIGHTS)

77.    The Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, repeat and reallege the allegations contained in Paragraphs 1 through 76 of this Complaint, and incorporate them by reference into this Count IV.

78.    On or before August 4, 2010, in the City of Springfield, Commonwealth of Massachusetts, the Defendants, in violation of Title 42 United States Code §1983 &

§1985(2), did conspire and agree between themselves and with other person or persons, whose names are presently unknown to the Plaintiff, for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in the City of Springfield, Commonwealth of Massachusetts, and with intent to deny to the Plaintiffs and Hispanic persons the equal protection of the laws because of race, national origin, descent or color.

79.    In furtherance of the object of said conspiracy, one or more of said Defendants did do or cause to be done the acts set forth in Plaintiffs' Complaint and, in violation of Title 42 United States Code § 1985 (3), did thereby injure the Plaintiffs in their persons and deprive them of having and exercising their rights and privileges under the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Massachusetts, as set forth in the Plaintiffs' Complaint herein.

80.    As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiffs have suffered great pain, injury and mental anguish, fear, anxiety, loss of self-esteem, humiliation and embarrassment, loss of capacity for the enjoyment of life and liberty, from then until now, and they will continue to so suffer in the future; and they have lost and will in the future lose large sums of money by reason of lost income, legal fees, damages to their personal property and other expenses, and have been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the Defendants and were subjected to confinement and deprived of their liberty and freedom.

**WHEREFORE**, the Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, demand:

a)      Judgment enter against the Defendants, GREGG BIGDA, CLAYTON ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY DELAMETER, the CITY OF SPRINGFIELD and WILLIAM FITCHET, for compensatory and punitive damages in an amount to be determined at trial, together with interests and costs;

b)      Judgment awarding the Plaintiffs their costs and reasonable attorney's fees incurred in connection with the prosecution of this action; and

c)      Judgment enter for the Plaintiffs for such other and further relief as the Court deems equitable and just.

## COUNT V
## (VIOLATION OF STATUTORY RIGHT TO PRIVACY)

81.     The Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and CARLOS D. PALACIO, repeat and reallege the allegations contained in Paragraphs 1 through 80 of this Complaint, and incorporate them by reference into this Count V.

82.   The acts and conduct perpetrated by the Defendants as alleged herein constitute

violations of the Plaintiffs' rights to privacy as protected by Massachusetts General Laws

Chapter 214, Section 1B.

83.   As a direct and proximate result of the aforesaid acts of the Defendants, the Plaintiffs

have suffered great pain, injury and mental anguish, fear, anxiety, loss of self-esteem,

humiliation and embarrassment, loss of capacity for the enjoyment of life and liberty,

from then until now, and they will continue to so suffer in the future; and they have lost

and will in the future lose large sums of money by reason of lost income, legal fees,

damages to their personal property and other expenses, and have been greatly humiliated

and held up to public scorn and derision as a result of the foregoing acts of the

Defendants and were subjected to confinement and deprived of their liberty and freedom.

**WHEREFORE**, the Plaintiffs, CARLOS A. PALACIO, SIDNEY G. GAVIRIA ORREGO, and
CARLOS D. PALACIO, demand:

a)   Judgment enter against the Defendants, GREGG BIGDA, CLAYTON

ROBERSON, STEVEN KENT, SEAN ARPIN and BARRY

DELAMETER, the CITY OF SPRINGFIELD and WILLIAM FITCHET,

for damages in an amount to be determined at trial, together with interests

and costs;

b)   Judgment awarding the Plaintiffs their costs and reasonable attorney's fees

incurred in connection with the prosecution of this action; and

c)      Judgment enter for the Plaintiffs for such other and further relief as the

Court deems equitable and just.


**THE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS SO**

**TRIABLE.**


                                        THE PLAINTIFFS,
                                        CARLOS A. PALACIO
                                        SIDNEY G. GAVIRIA ORREGO, and
                                        CARLOS D. PALACIO


By: _____
                                        THOMAS E. ARGENIO, ESQUIRE
                                        Goldsmith Katz & Argenio, PC
                                        1350 Main Street, Suite 1505
                                        Springfield, MA  01103
                                        Tel. No.:  (413) 747-0700
                                        Fax No.:  (413) 747-0414
                                        BBO No.:  541796

EXHIBIT "A"

## Incident #: 10-15158-OF

```
Date/Time Reported:  08/04/2010 2300
  Report Date/Time:  09/29/2010 1601
  Occurred Between:  08/04/2010 2200~08/04/2010 2300
            Status:  No Crime Involved
 Reporting Officer:  Vice Control
 Assisting Officer:  Officer GREGG BIGDA


          Signature: _____
```

| # | INVOLVED | SEX | RACE | AGE | SSN | PHONE |
|---|----------|-----|------|-----|-----|-------|
| 1 | ORREGO, SIDNEY<br>40 PALMYRA ST Apt. #2<br>SPRINGFIELD MA | M | W | 00 | NOT AVAIL | |

```
Military Active Duty: N
               BODY: NOT AVAIL.           COMPLEXION: NOT AVAIL.
                DOB: NOT AVAIL        PLACE OF BIRTH: NOT AVAIL.
     LICENSE NUMBER: NOT AVAIL.            ETHNICITY: HISPANIC
```

| # | EVENTS (S) |
|---|------------|

```
   LOCATION TYPE: Residence/Home/Apt./Condo      Zone: Sector H2 Forest Park/EFP
   40 PALMYRA ST Apt. #2
   SPRINGFIELD MA

1  FORCED ENTRY
```

Ref: 10-15158-OF

Entered: 09/29/2010 @ 1606        Entry ID: VICE
Modified: 09/29/2010 @ 1619      Modified ID: VICE

On 08/04/10 members of the narcotics bureau were acting on information from a confidential reliable informant(CRI) in regards to a kilo of cocaine being at 40 Palmyra St. 2. CRI stated that he had observed a kilo of cocaine being brought into 40 Palmyra St. 2nd floor. Upon attempting to secure this residence officers knocked at the second floor door and upon receiving no response officers forced entry causing minor damage to the door frame. At the conclusion of the investigation the second floor occupants were no longer suspected of the narcotics violations.

This report was not authored on the night of the incident do to the hour and the amount of other work that was taking place. All officers freely admit to forcing the door open on the second floor. This officer was told by supervisors that the report should now be entered.

# United States District Court
# District of Massachusetts

CARLOS A. PALACIO, SIDNEY G.
GAVIRIA ORREGO, and CARLOS D.
PALACIO,

                              PLAINTIFFS

           v.                                    CIVIL ACTION NO.: 13-30149-MAP

CITY OF SPRINGFIELD,
WILLIAM FITCHET,
GREGG BIGDA, CLAYTON ROBERSON,
STEVEN KENT, SEAN ARPIN, AND
BARRY DELAMETER,

                              DEFENDANTS

### CERTIFICATE OF SERVICE

I, THOMAS E. ARGENIO, ESQ., of GOLDSMITH, KATZ & ARGENIO, PC, 1350

Main Street, Suite 1505, Springfield, Massachusetts, do hereby certify that on June 10, 2014, the

foregoing Plaintiffs First Amended Complaint was filed electronically through the ECF system

and thereby delivered by electronic means to the counsel of record for the Defendants, City of

Springfield and William Fitchet.

                                        /s/ Thomas E. Argenio, Esq.
                                        THOMAS E. ARGENIO, ESQUIRE
                                        Goldsmith, Katz & Argenio, PC
                                        1350 Main Street, Suite 1505
                                        Springfield, MA  01103
                                        Tel. No.:  (413) 747-0700
                                        Fax No.:  (413) 747-0414
                                        BBO No.:  541796